IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AUBREY THOMPSON                                                                         PLAINTIFF

NO. 1:20-CV-220-JMV

COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

## MEMORANDUM OPINION

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that for the reasons set out below, the Commissioner's decision should be affirmed.

### Standard of Review

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court recently explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing

> administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues de novo. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).

This Court may not, therefore, reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *see, e.g., Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (per curiam) ("In applying the substantial evidence standard, [a court] must carefully examine the record for the presence of such evidence; however, [a court] may neither reweigh the evidence nor substitute [its] judgment for that of the Commissioner." (citing *Hollis*, 837 F.2d at 1383)).

## Discussion

Plaintiff presents three issues for this appeal:

1. The ALJ erred in his evaluation of several statements from the e-file and by ignoring the statements of Mr. Thompson's mother.

2. The ALJ erred in his evaluation of the consultative examination of Dr. Phillip Drumheller, Ph.D.

2

    3.   The ALJ failed to even acknowledge the fact that Mr. Thompson's mother, Cora Fair, testified during the hearing and listed his limitations.

The Court will address these arguments seriatim.

For his first argument, Plaintiff essentially argues the ALJ failed to apply SSR 16-3p and that his findings are not supported by substantial evidence because he failed to evaluate statements regarding the claimant's symptoms contained in Exhibits [B]2E, [B]6E, and [B]7E. These forms state, among other things, that the claimant "has schizophrenia . . . delusions, paranoia, and hallucinations;" "stays in his room and rarely socializes;" and "has memory loss, forgetfulness, . . . [and] a very short attention span." He contends that had the ALJ "reviewed and considered SSR 16-3p" he would have realized that "inconsistent statements did not necessarily mean they were inconsistent" and had he looked at the entire file, "he would have come to a different conclusion." This argument is without merit.

    In his decision the ALJ wrote:

    In making this [RFC] finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p. The undersigned also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 416.920c.

    In considering the claimant's symptoms, the undersigned must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques--that could reasonably be expected to produce the claimant's pain or other symptoms.

    Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned

3

must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work -related activities.

Based on the foregoing, the ALJ clearly acknowledged and considered his duty under SSR 16-3p.[1] The ALJ also adequately applied this SSR. The ALJ recognized the claimant's schizophrenia, persistent depressive disorder, and borderline intellectual disorder were severe impairments and "could reasonably be expected to cause the alleged symptoms" but found his "statements about the intensity, persistence, and limiting effects of his symptoms . . . [were] inconsistent with the evidentiary record." While the ALJ did not cite to either Exhibit B6E or B7E, the ALJ noted the claimant's statements in his disability application (specifically Ex. B2E) included reports that he could not "work due to schizophrenia and a learning disorder" and that he reported he could not handle money, needed to be accompanied when going out, and did not follow instructions well. The ALJ also referenced, however, the claimant's statements in another form (B3E) that he daily performed household cleaning chores, fed pets, had no issues with personal care, needed no reminders to take medicines, shopped in stores, spent time with others, could follow written instructions, and got along well with authority figures. The ALJ further noted that the claimant's mother's third-party function report (B4E) provided statements similar to the foregoing. The Court notes both the claimant's and his mother's testimony (under oath) during the administrative hearing did not vary wildly from these prior

---

[1] SSR 16–3p explains that, pursuant to the regulations, "an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability." SSR 16–3p, 2016 WL 1119029, at *2. Even so, the ALJ cannot ignore statements of symptoms but, rather, must evaluate them according to the two-step process set forth in the regulations: (1) consideration of "whether there is an underlying medically determinable physical or mental impairment[ ] that could reasonably be expected to produce an individual's symptoms, such as pain;" and (2) evaluation of "the intensity and persistence of the symptoms to determine the extent to which the symptoms limit an [adult's] ability to perform work-related activities. *See id.* The court must give deference to the ALJ's evaluation of the plaintiff's subjective complaints if it is supported by substantial record evidence. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

statements. Indeed, the claimant testified he performed household chores daily; went out occasionally to visit a cousin; took medication on his own largely without reminders; and had no problems with hallucinations. And, though the claimant's mother testified she did not think he was capable of working because he didn't like spending time outside his room, she admitted he socialized with her more after he started taking medication. Ultimately, the statements Plaintiff highlights in forms 2E, 6E, and 7E relate more to a prior period and are inconsistent with other statements by the claimant and his mother and—significantly—objective medical findings in the record that indicate the claimant's condition improved and his symptoms were stable on medication. Moreover, even if the ALJ erred in failing to consider the statements Plaintiff points to, Plaintiff has failed to show any prejudice as substantial evidence supports the ALJ's findings regarding Plaintiff's symptoms and the RFC found by the ALJ is supported by substantial evidence in the record, including the claimant's own statements *and* objective medical evidence. "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision,'" and "[r]emand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Wilder v. Colvin*, No. 13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988); citing *January v. Astrue*, 400 Fed. App'x. 929, 933 (5th Cir. 2010) (per curiam). *See also Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir. 2000) (holding that an ALJ's violation of an SSR is only reversible error if the claimant shows prejudice from the violation); *Towner v. Berryhill*, No. 3:18CV459 DPJ-LRA, 2019 WL 3539817, at * 5 (S.D. Miss. July 17, 2019) (pointing out that claimant is only

entitled to relief for violation of an SSR if claimant can establish he was prejudiced by the alleged error).

For his second argument, Plaintiff essentially argues the ALJ erred in finding Dr. Drumheller's source statement persuasive because it did not consist of a function-by-function assessment and because the ALJ did not weigh all Dr. Drumheller's opinions. This argument is also without merit. The Court agrees with the Defendant that the ALJ was under no obligation to assign any specific amount of weight to Dr. Drumheller's opinion and considered the two most important factors under the regulations, consistency and supportability, in assessing his opinion.[2] And while Dr. Drumheller did not provide a comprehensive (function-by-function) assessment of Plaintiff's mental and cognitive abilities, the assessment he supplied constitutes substantial evidence for the RFC found by the ALJ in this case. Dr. Drumheller found the claimant did "not appear to be severely impaired intellectually and his psychotic symptoms appear[ed] to have been in full remission for possibly several years." And, though he noted the claimant was not believed to be able to handle his own funds adequately, he found he was only "mildly impaired in his ability to perform routine repetitive tasks and in his ability to interact with coworkers and in his ability to receive supervision." He also found Plaintiff's

---

[2] Under the new regulations, the Commissioner will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings, including those from your medical sources." 20 C.F.R. § 404.1520c(a). Rather, the Commissioner shall "evaluate the persuasiveness" of all medical opinions and prior administrative medical findings using the factors set forth in the regulations: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors, including but not limited to evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of the agency's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5). However, supportability and consistency are the most important factors. 20 C.F.R. §§ 404.1520c(a), 404.1520(b)(2).

"concentration and attention appear[ed] to be poor to fair." For the claimant's RFC, the ALJ concluded:

> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: he can perform simple, routine, repetitive tasks and make simple work-related decisions. He can understand, remember, and carry out simple instructions; can have occasional interaction with coworkers and supervisors; but can never interact with the public. he can adapt to occasional and gradually introduced changes to the work environment; can perform job tasks that does not involve financial transactions; and can sustain concentration, persistence, or pace on tasks for two-hour periods throughout an eight-hour workday.

Plaintiff has failed to persuade the Court that the ALJ's RFC determination is not supported by Dr. Drumheller's opinions. And, to the extent Plaintiff contends Dr. Drumheller's opinions, particularly his finding of "poor to fair" concentration, were not specific enough to allow the ALJ to formulate an accurate RFC, other substantial evidence in the record supports the ALJ's finding the claimant could perform simple, routine, repetitive work and had adequate concentration to remain on task for two-hour periods throughout an eight-hour workday. Specifically, records from Community Counseling Services indicate that once the claimant began to consistently take his psychotropic medications—having spent a couple of periods off his medications—he, consistently, was cooperative; had an appropriate affect; had average concentration; and reported no hallucinations or delusions. Moreover, Plaintiff's own testimony (under oath) supports the RFC finding in this case.[3]

---

[3] For example, Plaintiff testified he watched television and played video games (with no reports of problems concentrating); washed dishes seven days a week, sometimes after as many as three meals per day; performed yard work; and left home to visit a cousin as much as twice a week.

7

For his final argument, Plaintiff contends that ALJ neither acknowledged nor considered his mother's testimony.  For the reasons stated above, this argument is without merit.  Even if the ALJ erred by not mentioning this testimony, which finding this Court is not making, Plaintiff has failed to establish any prejudice as the mother's testimony during the hearing was duplicative of Plaintiff's in many respects, inconsistent with medical records, and otherwise benign.[4]  Accordingly, the Plaintiff has failed to meet his burden to show there was a possibility the ALJ would have reached a different conclusion had such an error not occurred.

For the foregoing reasons, the Commissioner's decision will be affirmed.

Signed this 15th day of September, 2021.

/s/ Jane M. Virden
U.S. Magistrate Judge

---

[4] For example, Plaintiff's mother testified he received home visits from a mental health therapist because "he can't go" to therapy, despite the fact she drove him to regular visits with his psychiatrist.  Plaintiff's mother also testified he had home visits with the therapist every ten days, even though no records documenting such frequency were in the file.  She also testified he talked to her more when he was on his medication but indicated he would not go out in the public.  The RFC found by the ALJ restricted Plaintiff from interaction with the public.